IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSE GARCIA,

    Plaintiff,

 v.                                  No. CIV 13-0541 MCA/LAM

QUAY COUNTY JAIL,
GCCF/GEO,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's original Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 and his first and second amended Complaints (Docs. 5, 11) (together the "complaint"). Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, Plaintiff's claims against the named Defendants will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the

allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff has been confined in three separate detention or correctional facilities in New Mexico. He alleges that he is infected with HIV and has been denied treatment at each facility, even in violation of a court order. As a result, Plaintiff contends, his condition has worsened and he has suffered pain and brain damage. For relief, the complaint seeks damages.

No relief is available on Plaintiff's claims against the named Defendants. The complaint names a county detention center and a privately operated correctional facility. These facilities are not entities that may be sued under § 1983. *See White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001) (county jail); *Buchanan v. Oklahoma*, 398 F. App'x 339, 342 (10th Cir. 2010) (state facility). Furthermore, to succeed on a complaint under § 1983, a plaintiff must allege some personal involvement by a defendant in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). Here, Plaintiff makes no allegations identifying a party who denied him medical treatment. The Court will dismiss Plaintiff's claims against the named Defendants, with leave to amend. Failure to comply with this Order may result in dismissal of Plaintiff's civil rights action.

IT IS THEREFORE ORDERED that Plaintiff's claims against the named Defendants are DISMISSED; and, within fourteen days from entry of this Order, Plaintiff may file an amended complaint containing appropriate factual allegations and identifying individuals who denied him necessary medical treatment.

UNITED STATES DISTRICT JUDGE