**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JOSE GARCIA,

    Plaintiff,

  v.                                         No. CIV 13-0541 MCA/LAM

QUAY COUNTY JAIL,
GCCF/GEO,

    Defendants.

MEMORANDUM OPINION AND ORDER OF DENYING RECONSIDERATION

    This matter is before the Court on Plaintiff's Motion to Reconsider Dismissal (Doc. 13) filed on October 31, 2013.  The Court will deny the motion.

    On October 22, 2013, the Court entered a non-final order dismissing Plaintiff's claims against the named entity Defendants, with leave to amend and name the parties who allegedly denied him medical treatment.  Plaintiff then filed his motion to reconsider, alleging that "both locations" refuse to provide names of treating medical staff or medical records, and thus he cannot identify responsible parties.  He asks the Court to appoint counsel to assist in prosecuting his claims. "[B]ecause the court's order was not a final judgment, . . . [Plaintiff's] motion to reconsider . . . '[is] nothing more than an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment.' " *Guttman v. New Mexico*, 325 F. App'x 687, 690 (10th Cir. 2009).

    At this point in the action, the Court will not set aside the earlier order or grant the assistance that Plaintiff requests. Although the Court liberally construes Plaintiff's pleadings, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam), "it is not 'the proper function of the district court

to assume the role of advocate for the *pro se* litigant,' " *Richards v. Bellmon*, 941 F.2d 1015, 1019 n.3 (10th Cir. 1991) (quoting *Haines* at 520-21).  "It is not enough 'that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case.' "  *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (*quoting Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir.1995)).  Plaintiff alleges that he suffers a serious medical condition and has been denied treatment over an extended period of time.  He appears to understand the issues in the case and to be representing himself in an intelligent and capable manner, *see Lucero v. Gunter*, 52 F.3d 874, 878 (10th Cir. 1995), but his failure to identify a single responsible party shows a lack of diligence in protecting his rights.

If Plaintiff fails to comply with this Order, the Court may dismiss this civil rights action.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Reconsider Dismissal (Doc. 13) filed on October 31, 2013, is DENIED; and Plaintiff is allowed an additional fourteen (14) days from entry of this Order to file an amended complaint containing appropriate factual allegations and identifying individuals who have denied him necessary medical treatment.

_____
UNITED STATES DISTRICT JUDGE