IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSE GARCIA,

    Plaintiff,

  v.                                       No. CIV 13-0541 MCA/LAM

QUAY COUNTY JAIL,
GCCF/GEO,

    Defendants.

## MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

This matter is before the Court on Plaintiff's Motion to Reconsider Dismissal on These Grounds (Doc. 16) filed on January 27, 2014. The Court will deny the motion as moot and require Plaintiff to show cause why his complaint should not be dismissed.

On October 22, 2013, the Court entered a non-final order dismissing Plaintiff's claims against the named entity Defendants, with leave to amend and name the individuals who allegedly denied him medical treatment. Plaintiff then filed his first motion to reconsider, alleging that "both locations" refuse to provide names of treating medical staff or medical records, and thus he cannot identify responsible parties. The Court denied the motion and allowed additional time for Plaintiff "to file an amended complaint containing appropriate factual allegations and identifying individuals who have denied him necessary medical treatment."

Rather than filing an amended complaint, Plaintiff filed his second motion to reconsider, naming three individual Defendants. Under the rule of liberal construction of pro se pleadings, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam), the Court construes the motion, incorporating the allegations in Plaintiff's earlier pleadings (Docs. 1, 5, 11), as an amended

complaint filed in response to the Court's earlier order (Doc. 12). The motion will therefore be denied as moot.

Next to each Defendant's name in the motion, Plaintiff ascribes a "time of issue." The times range from 2004 to 2007. Plaintiff filed his complaint in 2013, and thus the latest "time of issue" pre-dates his complaint by approximately six years. It appears that Plaintiff's § 1983 claims against these New Mexico Defendants may be barred by the applicable three-year limitations period. *See Garcia v. Wilson*, 731 F.2d 640, 651 (10th Cir. 1984), *aff'd*, 471 U.S. 261, 280 (1985). On the other hand, "a district court may not *sua sponte* dismiss a prisoner's § 1983 action on the basis of the statute of limitations unless it is clear from the face of the complaint that there are no meritorious tolling issues, or the court has provided the plaintiff notice and an opportunity to be heard on the issue." *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1097 (10th Cir. 2009) (citing *Abbas v. Lt. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007) (applying *Jones v. Bock*, 549 U.S. 199, 215-16 (2007)). The Court will require Plaintiff to show cause why his complaint should not be dismissed as barred by the applicable statute of limitations.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Reconsider Dismissal on These Grounds (Doc. 16) filed on January 27, 2014, is DENIED as moot and is construed together with the allegations in Plaintiff's prior pleadings (Docs. 1, 5, 11) as his complaint against the individual Defendants named in the motion;

IT IS FURTHER ORDERED that, within twenty-one (21) days from entry of this Order, Plaintiff file a response showing cause, if any, why his complaint should not be dismissed as barred by the applicable statute of limitations.

_____
UNITED STATES DISTRICT JUDGE